LANGAN REALTY CO., Appellant, v. DIXON et al, Respondents.

(191 N. W. 444.)

(File No. 5193.    Opinion filed December 30, 1922.)

**1.  Wills — Specific Performance — Election of Remedies — Legatee Held Not to Have Renounced Provisions of Will by Action for Specific Performance of Testator's Contract to Convey.**

Legatee to whom testator bequeathed a certain sum annually during her natural life did not, by bringing an action against the executor to enforce specific performance of testator's contract to convey land to her, renounce her rights under the will nor is the principle of election of remedies involved as in case of one electing to take by inheritance rather by will.

**2.  Wills—Evidence—Burden of Proof—One Who Asserts Renunciation of Will Has Burden of so Proving.**

The party asserting a renunciation of the provisions of a will has the burden of proving such renunciation.

**3.   Wills—Liens—Legacies—Will Held to Create Lien on Real Estate in Favor of Legatee Notwithstanding Size of Estate.**

Will providing for payment of bequest "out of the proceeds of income of my estate" held to create a lien, as against the residuary legatee, on the testator's land in favor of legatee, under Rev. Code 1919, Sec. 1529, even though the estate was very large, and there was probably sufficient income to pay the bequest without resorting to a sale of any of the property belonging to the estate.

**4.   Executors and Administrators—Trusts and Trustees—Relation of Executor to Legatee That of Trustee.**

The relation of the executor of an estate to a legatee is that of trustee and cestui que trust.

**5.   Limitation of Actions—Rule As to Commencement of Period of Limitations as Against Legatee Stated.**

There is a continuing duty on the part of an executor to pay a legacy, and the statute of limitations does not commence to run until the final discharge of the executor or until he has assumed a position hostile to the legatee.

Appeal from the Circuit Court, Turner County; Hon. J. T. Medin, Judge.

Action by the Langan Realty Company against Margaret Dixon and others. From judgment for defendants and from order denying motion for a new trial, plaintiff appeals. Affirmed.

*Bogue & Bogue,* of Parker, for Appellant.

*Dan E. Hanson,* of Parker, and *Payne, Olson & Barton,* of Vermillion, for Respondent.

(1)   To point one of the opinion, Appellant cited: Lugues v. Inhabitants of Dresden, 77 Me. 186; Peckham v. Newton, 15 R. I. 321, 4 Atl. 758; Am. Dig., Will, No. 1717; Bradford v. Leake (Tenn.), 137 S. W. 96; Bradford v. Calhoun (Tenn.), 109 S. W. 502; Re Wells' Est. (Ia.), 120 N. W. 713; Re Stone's Est. (Ia.), 109 N. W. 455; Berfresse v. Lake, 109 Mich. 415, 67 N. W. 505, 63 Am. St. Rep. 584; King v. Gridley, 46 Conn. 55; Watson v. Watson, 128 Mass. 152; Stubbins v. Lathrop, 4 Pick (Mass.) 33; Perry v. Hale, 44 N. H. 363; Mohn v. Mohn (Ia.), 126 N. W. 1127; Dec. Dig., Wills, No. 717; Re Bryce's Est., 44 Atl. 1076, 194 Pa. St. 135; Wonsetler v. Wonsetler, 23 Pa. Sup. Ct. 321.

Respondent cited: Lamar v. MacLaren, 107 Ga. 591, 34 S. E. 116.

(2)   To point two, Respondent cited: 40 Cyc. 1898, note 98.

(3)   To point three, Appellant cited: Frost v. Atwood (Mich.), 41 N. W. 96; Bennett v. Nichol, 12 Mich. 22; Wright v. Ellison, 1 Wall. 16; Lysters Appeal, 54 Mich. 162; Rowley v. Towsley, 53 Mich. 329, 19 N. W. 20; Sec. 1527, Rev. Code; Sec. 606, Jones on Evidence; Lynch v. Huston, 119 S. W. 994, 138 Mo. App. 167; Kearney v. Kearney, 17 N. J. Eq. (2 C. E. Green) 59; Wetmore v. Peck, 66 How. Prac. 54; In re Cobb, 9 N. Y. St. Rep. 583; Kimball v. Chappel, 18 N. Y. S. 30.

Respondent cited: DeHaven v. Sherman, 113 Ill. 115, 22 N. E. 711, 6 L. R. A. 745; Irwin v. Wollpert, 128 Ill. 527, 21 N. E. 501; DeLancey v. Van Allen, 84 N. Y. 16; Colton v. Colton, 127 U. S. 300, 32 L. Ed. 138; Geisel's Estate v. Landwehr, 43 Ind. 744, 88 N. E. 105; Sec. 1071, Civil Code, subd. 3.

(4)   To point four, Respondent cited: 18 Cyc. 940, note 45; Hedges v. Norris, 32 N. J. Eq. 182; Sec. 1186, Rev. Code; Colton v. Colton, 127 U. S. 300, 32 L. Ed. 138; Grisel's Estate v. Landwehr, 43 Ind. 744, 88 N. E. 105.

(5)   To point five, Respondent cited: Schroeder v. Jahns, 27 Cal. 274; Sec. 2304, Rev. Code.

POLLEY, J.   This action was brought to quiet title to a quarter section of land in Turner county. The defendants, except the defendant Frank Griffin, are the heirs at law of Susan Logue, deceased. Defendant Frank Griffin is the administrator of the estate of the said Susan Logue. The land in question, at the time of his death, was owned by Hugh Langan, who was a brother of the said Susan Logue, and who died testate on or about the 10th day of June, 1902. The last will and testament of the said Hugh Langan contained the following bequest:

"I give and bequeath to my beloved sister, Susan Logue, $500 a year during her natural life, for her own use and support * * * in case she, Susan Logue, survives me. * * * This bequest with any other I may make, shall be paid by my beloved brother, James A. Langan, out of the proceeds or income of my estate, which I give, devise and bequeath to him in whole."

At the time of Hugh Langan's death, Susan Logue was, and

for some time prior thereto had been, living upon and making her home upon the land in question. She claimed that during his lifetime Hugh Langan had agreed to deed her said land upon certain conditions which she claimed to have performed, and was greatly disappointed because the land was not devised to her by her brother's will. She claimed she was entitled to the land and brought suit against the executor of the will to compel the conveyance of the land to her. In this suit she was unsuccessful. nor did she ever receive anything on account of the bequests in the will. It is contended by appellant that she refused to accept anything from the executor of the will, and that she renounced all rights thereunder. There was money placed in the bank at Centerville at one time for the purpose of paying her legacy, and she was notified of such fact and directed to call at the bank and get the same. There is no doubt that, had she called at the bank when so directed, she would have received the money; but no money was ever tendered to her nor deposited to her credit in the bank. She appears to have been of the opinion that an acceptance of the legacy would have amounted to a waiver of her right to specific performance under her alleged contract with the testator.

On or about the 8th day of November, 1919, the county court of Turner county, upon the petition of the executor of the will, made and entered what purports to be a decree of final distribution of the estate of Hugh Langan, in which it is specifically decreed that no part of Susan Logue's legacy had ever been paid, but which recognizes said legacy as a valid claim against the estate. It recognizes said legacy as a valid lien against the land involved in this suit, and distributes said land to the devisee named in the will subject to the payment to her of the sums of money due her under the provisions of the will.

By the terms of the will James A. Langan, who is a brother of Hugh Langan and Susan Logue, was appointed executor of said will, and he was also made the residuary legatee and devisee of the estate. In his petition for final distribution, he asked that the sums of money due Susan Logue under the terms of the will be made a specific lien on the land in controversy. Pursuant to this petition the county court decreed that the bequest to Susan Logue be and was a specific lien on said land. Thereafter the

said James A. Langan conveyed the land to the plaintiff, a corporation, of which he is a stockholder and director. Plaintiff then commenced this action, by which it seeks, in effect, to have whatever charge or lien against said land that may have been created by said will cancelled and discharged, and that title be quieted in plaintiff. The trial court found that the defendants, as heirs of Susan Logue, are entitled to the annual payments bequeathed to her, that said bequest constituted a charge against the land in question, and that they are entitled to have said land sold to pay the same. Judgment was entered accordingly, and plaintiff appeals.

It is the contention of appellant that Susan Logue, by bringing suit for specific performance of her said contract with Hugh Langan, elected to take under the contract, rather than under the will and thereby renounced her rights under the will, that the bequest of Susan Logue did not constitute a charge or lien against the land in question, and that the county court was without jurisdiction to make said bequest a lien, and, lastly, that defendants' claim was barred by the statute of limitations.

[1, 2]  The record discloses no conduct on the part of Susan Logue that should be held to effect a renunciation of the provisions made for her in the will. She was dissatisfied with the will because the land in question was not devised to her. She claimed it had been promised to her. She tried to enforce specific performance of such promise and appears to have been of the opinion that an acceptance of the provisions of the will would have amounted to a waiver of her rights under the contract. In this opinion she was clearly mistaken. Lamar v. McLaren, 107 Ga. 591, 34 S. E. 116. It was not a case where she was required to elect which of two remedies she would adopt. There was no inconsistency in claiming under the contract, if there was one, and accepting under the will. The case is wholly different from an attempt to assert by inheritance and also claiming under the will. Her attempt to enforce a conveyance of the land in no way affected or impaired her right under the will. A party asserting a renunciation of the provisions of a will has the burden of proving the same (40 Cyc. 1898), and appellant wholly failed to maintain this burden.

[3]  It is not necessary to decide, and we do not decide,

whether a county court can by decree create a lien on real property. By the terms of the will the bequest of Susan Logue was made a charge upon the estate. The bequest was to be paid by the executor "out of the proceeds or income of my estate." The fact that the estate was very large and that there was probably sufficient income to pay the bequest without resorting to a sale of any of the property belonging to the estate is wholly immaterial. As against the residuary legatee, this bequest was a charge on the entire estate. A lien existed by operation of law (section 1529, Code 1919), and, if there are not sufficient funds in the hands of the executor to pay the bequest, then it is competent for the trial court to direct the sale of the property to raise money for that purpose.

[4, 5] The statute of limitations has no application to the facts disclosed by this record. The relation of the executor of an estate to a legatee of the estate is that of trustee and cestui que trust.

There is a continuing duty on the part of the trustee to pay the legacy, and the statute of limitations does not commence to run until the final discharge of the executor or until he has assumed a position hostile to the legatee. 24 C. J., § 1972. Nothing of the kind occurred in this case until the commencement of this action. On the other hand, the executor recognized the validity of the legacy and himself petitioned the county court to make such legacy a specific lien on the land in question.

The judgment and order appealed from are affirmed.

Note—Reported in 191 N. W. 444. See American Key-Numbered Digest, (1) Wills, Key-No. 717, 40 Cyc. 1898; (2) Wills, Key-No. 717, 40 Cyc. 1899; (3) Wills, Key-No. 820 (5); 40 Cyc. 2016, 2042; (4) Executors and Administrators, Key-No. 75, 23 C. J., Sec. 387; (5) Limitation of Actions, Key-No. 102(11), 103(2), 24 C. J. Sec. 1972.